In the Matter of VEDES REST., INC., Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.

First Department, June 18, 1959.

Samuel Mirer for petitioner.

Emanuel D. Black of counsel (Oscar A. Bloustein, Counsel, State Liquor Authority, attorney), for respondent.

Per Curiam. In this article 78 proceeding—transferred to this court pursuant to section 1296 of the Civil Practice Act— the petitioner seeks to review a determination of the New York State Liquor Authority which suspended the petitioner's restaurant liquor license for 60 days, 30 days thereof being deferred. In three separate and distinct specifications, involving but one incident, the petitioner was accused of violations of the Alcohol Beverage Control Law (§ 106, subd. 6). After a hearing, the trial commissioner acquitted the petitioner of charges one and two and found it guilty of charge three. The board reversed the trial commissioner with respect to charge two and thus the petitioner was held guilty of charges two and three.

In substance, these specifications alleged that a male patron was solicited by a female for immoral purposes (charge two); and that the premises were permitted to become disorderly because the licensee failed, through lack of supervision, to pre-

vent the meeting of an unescorted female with a male customer (charge three). The record amply sustains the findings of the Authority on these charges.

Recently we held (*Matter of Kismet Restaurant* v. *New York State Liq. Auth.*, 7 A D 2d 967) that warning letters are inadmissible in the main case presented against a licensee unless supported by some proof of the incidents to which they applied. Moreover, in that proceeding, the trial commissioner indicated that his decision was not based upon the warning letters received in evidence.

Here, although no letter was made a part of the record, proof concerning a prior notice was developed through an admission made by the president of the licensee during this examination by the trial commissioner. The testimony in that regard does not make it clear that the alleged violation against which the notice was intended to warn was similar to those involved here. The trial commissioner, in finding the licensee guilty under charge three, expressly stated, '' This licensee had been warned about prostitution in the premises by a letter of warning ''. That statement is not supported by any independent proof other than the admission. (See *Matter of Greenberg* v. *O'Connell,* 276 App. Div. 901). There are many valid and sufficient reasons for our concern regarding the proof with respect to warning notices. For example, without an adequate record, it may be impossible to determine what probative force a prior warning may have with regard to establishing lack of supervision. Moreover, prior warnings may play a part in determining the reasonableness of the quantum of the penalty imposed for the dereliction under consideration.

We assume, in confirming so much of the determination as deals with the findings of guilt by the Authority, that the trial commissioner's statement was disregarded, since it was not mentioned in the Authority's decision. If it was also disregarded in the consideration of the punishment imposed, the extent of the suspension may be severe for a first offense. We cannot ascertain from the record whether the prior warning was a factor, if, in fact, the licensee had never before been found guilty of a similar violation.

Under the circumstances, it may well be that the punishment is excessive and an abuse of discretion (Civ. Prac. Act, § 1296, subd. 5-a). The proceeding should be remitted to the Authority for a reconsideration of the order directing a suspension, and as so modified, the determination unanimously confirmed, without costs.

BOTEIN, P. J., M. M. FRANK, McNALLY, STEVENS and BERGAN, JJ., concur.

Proceeding remitted to the respondent, the New York State Liquor Authority, for reconsideration of the order directing a suspension, and, as so modified, the determination is unanimously confirmed, without costs.